HUDSON, Superintendent, Appellee,

v.

AMERICAN CHAMBERS LIFE INSURANCE
COMPANY, Appellee; Roth, Appellant.

[Cite as *Hudson v. Am. Chambers Life Ins. Co.*, 192 Ohio App.3d 802, 2011-Ohio-910.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–507.

Decided March 1, 2011.

Kegler, Brown, Hill & Ritter Co., L.P.A., R. Kevin Kerns, John P. Brody, and Daniel J. Bennett, for appellee.

Javitch, Block & Rathbone, L.L.C., Victor M. Javitch, and Greggory B. Elzey, for appellant.

———

SADLER, Judge.

{¶ 1} Appellant, Carla Roth, filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas overruling her objections to a determination of claims made by appellee, the Superintendent of the Ohio Department of Insurance ("ODI" or "liquidator"), acting in her capacity as liquidator of American Chambers Life Insurance Company ("American Chambers").

{¶ 2} On January 31, 2000, appellant filed a complaint against American Chambers in the Eleventh Judicial District Court in Montana. The complaint asserted a number of claims against American Chambers in its handling of claims made by appellant for health-insurance coverage she had purchased from American Chambers. American Chambers failed to file an answer to the complaint, and a default judgment was entered. On April 25, 2000, the Montana court entered a judgment in appellant's favor against American Chambers, finding that American Chambers had improperly denied coverage on appellant's claims and had engaged in fraud in its conduct toward appellant. The court awarded damages as follows: $24,484.24 for medical costs that American Chambers improperly refused to pay; $34,560 for increases in present and future insurance premiums necessitated by American Chambers' improper cancellation of appellant's insurance coverage; $6,000 for increases in present and future deductibles necessitated by American Chambers' improper cancellation of appellant's insurance coverage; $1,890 for premiums wrongfully taken by American Chambers; $50,000 for emotional distress; and $2,000,000 in punitive damages.

{¶ 3} On May 8, 2000, the trial court issued an order directing American Chambers to enter liquidation and appointing the superintendent of ODI as liquidator. On July 22, 2002, appellant filed a proof of claim with the liquidator for the amount of the Montana judgment. On July 24, 2008, the liquidator issued a revised notice of determination regarding the claim. The liquidator denied appellant's claim nearly in its entirety. The only portion of the Montana judgment recognized by the liquidator was the $1,890 representing premiums taken by American Chambers and not subsequently returned to appellant.

{¶ 4} With regard to the portion of the Montana judgment based on unpaid medical expenses, the liquidator denied the claim on the grounds that appellant received payment for those costs from the Montana Life & Health Insurance Guaranty Fund. With regard to the punitive-damages portion of the Montana judgment, the liquidator concluded that punitive damages may not be reimbursed out of the funds in the liquidation estate. Similarly, the liquidator concluded that the portions of the Montana judgment for future increases in premiums and deductibles and for emotional distress represented punitive or exemplary damages that could not be paid out of the liquidation estate. In discussing the awards for punitive damages, increases in future premiums and deductibles, and emotional distress, the liquidator noted that R.C. 3903.36(D) specifically provides that judgments entered any time by default or within four months prior to the filing of the complaint for liquidation need not be considered as evidence of liability or of the quantum of damages.

{¶ 5} Appellant filed objections to the liquidator's revised notice of determination with the trial court. In her objections, appellant argued that the liquidator's

action declining to recognize the full value of the Montana judgment violated the Full Faith and Credit Clause of the United States Constitution, and, similarly, that R.C. 3903.36(D), to the extent that it allowed the liquidator to decline to recognize the Montana judgment, is unconstitutional. Appellant also argued that given the permissive nature of the language set forth in R.C. 3903.36(D), the liquidator could and should have recognized the full value of the Montana judgment in the interests of equity.

{¶ 6} The trial court held a hearing on appellant's objections. At the hearing, appellant argued that the liquidator's refusal to recognize the full value of the Montana judgment violated the liquidator's duty to members of the public such as appellant who had claims against the insurance company. Appellant also continued to argue that R.C. 3903.36(D), by giving the liquidator the discretion to disregard the Montana judgment, violates the Full Faith and Credit Clause of the United States Constitution.

{¶ 7} Subsequently, the trial court issued an order overruling appellant's objections and affirming the liquidator's determination of claims. The trial court relied on R.C. 3903.36(D), concluding that because the Montana judgment was obtained within four months prior to the order of liquidation, the liquidator was not required to recognize the judgment as evidence of the value of the claim. The trial court rejected appellant's argument that R.C. 3903.36(D) is unconstitutional under the Full Faith and Credit Clause of the United States Constitution.

{¶ 8} Appellant filed this appeal, asserting a single assignment of error:

The trial court erred in overruling claimant's objection to the liquidator's determination of claims.

{¶ 9} Under her assignment of error, appellant sets forth three separate arguments. In the first argument, appellant argues that R.C. 3903.36(D) is unconstitutional because it violates the Full Faith and Credit Clause of the United States Constitution.

{¶ 10} It is well settled that all statutes enjoy a strong presumption of constitutionality. *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770. Consequently, courts will not find a statutory provision unconstitutional unless its unconstitutionality is proven beyond a reasonable doubt. Id. at ¶ 20, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254.

{¶ 11} The Full Faith and Credit Clause, set forth in Section 1, Article IV, United States Constitution, provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." This doctrine requires that Ohio afford the same credit to a judgment taken in another state's court as that judgment would have in the state in which it

was taken. *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 132, 712 N.E.2d 713. However, this inquiry does not require that we give *greater* faith and credit to the Montana judgment than the Montana courts themselves would. Id. at 136.

{¶ 12} R.C. 3903.36 sets forth the procedure to be followed by parties seeking to recover claims asserted against an insurance company in liquidation. R.C. 3903.36(D) provides as follows:

> No judgment or order against an insured or the insurer entered after the date of filing of a successful complaint for liquidation, and no judgment or order against an insured or the insurer entered at any time by default or by collusion, need be considered as evidence of liability or of quantum of damages. No judgment or order against an insured or the insurer entered within four months before the filing of the complaint need be considered as evidence of liability or of the quantum of damages.

{¶ 13} Appellant argues that R.C. 3903.36(D) violates the Full Faith and Credit Clause because it improperly allows the liquidator to disregard the value of the judgment as determined by the Montana court.[1] Our inquiry requires that we determine how appellant's claim would be addressed in a hypothetical liquidation taking place under Montana law. See *Holzemer* at 132. ("We must first determine what effect or credit Michigan courts would have given to the completed expedited probate proceeding if Holzemer had attempted to file in a Michigan court a suit similar to the one she filed in Ohio * * *. Then, we must give the completed Michigan probate proceeding the same effect or credit in Ohio that it would have carried in that hypothetical suit in Michigan").

{¶ 14} Montana law includes a provision in its statutory provisions governing liquidation of insurance companies that is substantially identical to R.C. 3903.36(D). Mont.Code Ann. Section 33–2–1365(4) provides as follows:

> A judgment or order against an insured or the insurer entered after the date of filing of a successful petition for liquidation and a judgment or order against an insured or the insurer entered at any time by default or by collusion are not required to be considered as evidence of liability or of quantum of damages. A judgment or order against an insured or the insurer entered within 4 months before the filing of the petition is not required to be considered as evidence of liability or of the quantum of damages.

{¶ 15} Thus, in a hypothetical liquidation of American Chambers filed in Montana instead of Ohio on May 8, 2000, a Montana liquidator would not have been required to recognize the full value of the judgment obtained by appellant in

---

1. Before the trial court and in briefing, the liquidator argued that the language not only allows the liquidator to disregard the value of the claim as determined by the Montana court, but actually requires it. However, that issue is not properly before us on appeal.

Montana, both because the judgment was obtained by default and because the judgment was obtained within four months prior to the filing of the liquidation petition. Thus, if we were to accept appellant's argument that the liquidator was required to recognize the full amount of the Montana judgment, we would be giving greater force to that judgment than the courts of Montana would. Consequently, the provision in R.C. 3903.36(D) allowing the liquidator to decline to accept the Montana judgment as evidence of the value of appellant's claim does not violate the Full Faith and Credit Clause of the United States Constitution.

{¶ 16} In the second argument presented under her assignment of error, appellant argues that the liquidator should have applied R.C. 3903.18(B) instead of R.C. 3903.36(D). R.C. 3903.18(B) provides that "[u]pon issuance of the order [of liquidation], the rights and liabilities of any such insurer and of its creditors, policyholders, shareholders, members, and all other persons interested in its estate shall become fixed as of the date of entry of the order of liquidation." Appellant argues that this provision fixing her rights as a creditor of American Chambers as of the date of the filing of the petition for liquidation conflicts with R.C. 3903.36(D). Appellant argues that the language in R.C. 3903.18(B) should control, given the intent of the legislative framework to protect claimants in appellant's position.

{¶ 17} Appellant did not present this argument to the trial court, either in her written objections to the liquidator's decision or in the hearing before the trial court. A party may not revise its theory of a case by raising arguments for the first time on direct appeal. *Odita v. Phillips*, 10th Dist. No. 09AP–1172, 2010-Ohio-4321, 2010 WL 3554285.

{¶ 18} Furthermore, R.C. 3903.18(B) sets forth a general rule setting the date of the filing of the petition for liquidation as the date before which claims must have existed in order to be recognized by the liquidator. R.C. 3903.36(D) sets forth a more specific provision governing how the liquidator must address those claims existing on the date of the filing of the petition for liquidation. Consequently, the two statutory provisions are not in conflict.

{¶ 19} In her third argument presented under her assignment of error, appellant argues that the liquidator violated R.C. 3903.43(A) by failing to fully investigate appellant's claims against American Chambers. Appellant did not present this argument to the trial court, and we therefore need not address it. *Odita*, 2010-Ohio-4321, 2010 WL 3554285. Furthermore, nothing in the record suggests that the liquidator failed to fully consider appellant's claim before issuing the order determining the value of the claim.

{¶ 20} Consequently, appellant's assignment of error is overruled. Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BROWN and TYACK, JJ., concur.